FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 9:56 am, Jan 23, 2019*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| SHERETA D. PUGH,<br><br>    Plaintiff,<br><br>    v.<br><br>MARSHALL BAKER; and JKS&K, INC.<br>d/b/a MCDONALD'S,<br><br>    Defendants. | CIVIL ACTION NO.: 2:18-cv-56 |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an action arising under Title VII of the Civil Rights Act of 1964 in which Plaintiff alleges Marshall Baker ("Mr. Baker") sexually harassed her from December 2016 to April 2017 while she was employed by Defendant JKS&K, Inc. d/b/a McDonald's ("JKS&K"). Docs. 1, 4.

For the following reasons, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, doc. 2, **GRANTS** Plaintiff's request for leave to file her proposed Second Amended Complaint, docs. 9, 14, **ORDERS** Plaintiff to file an executed copy of her Second Amended Complaint **within seven days** of this Order, **DENIES as moot** the Motion to Stay Discovery, doc. 25, and **DIRECTS** the United States Marshal to perfect service on Mr. Baker and Defendant JKS&K once Plaintiff has filed an executed copy of her Second Amended Complaint. Additionally, I **RECOMMEND** that the Court **DENY as moot** the Motion to Dismiss, doc. 5, as well as the various "renewed" Motions to Dismiss, docs. 12, 21, 23.

## BACKGROUND

On May 9, 2018, Plaintiff, proceeding pro se, filed her Complaint against Marshall Baker and McDonald's and moved to proceed *in forma pauperis*. Docs. 1, 2. Five days later, on May 14, 2018, Plaintiff, still proceeding pro se, filed an Amended Complaint. Doc. 4. In her Amended Complaint, Plaintiff drew an "X" over Marshall Baker's name and added JKS&K as a named Defendant.[1] Id. at 2. Plaintiff explained that she amended her Complaint because she "put the wrong defendant['s] information." Id. at 11. Plaintiff wrote that, although Mr. Baker allegedly sexually harassed her, she is "suing the company." Id. Plaintiff's initial Complaint and her Amended Complaint contain very few facts about her claim. See Doc. 1 (stating that the claim is brought under Title VII and "Sexual Harassment," identifying the dates of the alleged conduct, and setting forth dates of the EEOC charge and right-to-sue letter); Doc. 4 (adding that Mr. Baker committed the relevant conduct, Plaintiff felt embarrassed that she had to experienced Mr. Baker's conduct, Plaintiff was afraid of losing her job, and Plaintiff was forced to "work in an uncomfortable environment" while Mr. Baker was present).

On May 30, 2018, Mr. Baker and JKS&K moved by special appearance to dismiss Plaintiff's claims with prejudice, arguing Plaintiff failed to perfect service of process and failed to state a claim upon which relief could be granted.[2] Doc. 5. Although Plaintiff dropped Mr.

---

[1] It is somewhat unclear which business entity Plaintiff intended to sue in her initial Complaint. In the caption of the Complaint form, Plaintiff named "McDonalds." Doc. 1 at 1. In the list of defendants, Plaintiff named "McDonalds (JK7 Inc)." Id. at 2. In her Amended Complaint, Plaintiff updated the caption to name "McDonalds/J.K.S.K. Inc." and lists "JKS&K Inc" as a Defendant. Doc. 4 at 1–2. Plaintiff's Amended Complaint demonstrates she intended to sue JKS&K, Inc. from the outset.

[2] Mr. Baker and JKS&K moved to dismiss for lack of service a mere 21 days after Plaintiff filed her initial complaint and 16 days after she filed her amended complaint. Rule 4(m) requires a plaintiff perfect service within 90 days from the date it is filed. Failure to do so typically results in dismissal without prejudice. Thus, at the time Defendant's motion was filed, Plaintiff's Complaint could not be dismissed for failure to perfect service, and certainly not with prejudice for lack of service, as Defendants' requested.

Baker from the suit when she filed her Amended Complaint, the initial Motion to Dismiss (filed after Plaintiff's amendment) is asserted on behalf of both Baker and JKS&K and states that both Baker and JKS&K were named Defendants at the time.  Id. at 1 ("Marshall Baker and JKS&K, Inc. d/b/a McDonald's, the named-Defendants in this action, move by special appearance . . . to dismiss this case with prejudice . . . .").  As explained below, that statement is incorrect; Plaintiff's Amended Complaint dropped Mr. Baker from the suit before the Motion to Dismiss was filed.

On June 15, 2018, Plaintiff retained counsel.  Doc. 6.  On June 28, 2018, Plaintiff, through her newly-retained counsel, filed a timely Response to Defendants' Motion to Dismiss and a Motion to Amend, in which she requested leave of Court to "amend her Complaint so as to assert sufficient facts to establish a basis for her claims."[3]  Doc. 9 at 3.  Plaintiff attached a copy of her proposed Second Amended Complaint to her response and motion.  Doc. 9-1.  The proposed Second Amended Complaint lists both Mr. Baker and JKS&K as Defendants and contains several factual allegations in support of Plaintiff's claims.  Id.  On August 7, 2018, Plaintiff's counsel filed a supplemental response to Defendants' Motion to Dismiss, which included an Affidavit of Service on Mr. Baker.  Docs. 10, 11 (showing that Baker was served with documents on July 24, 2018).

On August 14, 2018, Mr. Baker "renewed" his motion to dismiss, arguing that, although he was served on July 24, 2018, with several documents—including Plaintiff's Complaint, Amended Complaint, and her proposed Second Amended Complaint—he was not served with a summons.  Doc. 12 at 1-2.  Accordingly, Mr. Baker dropped his request to dismiss for lack of

---

[3]  To be clear, Plaintiff's initial Complaint and Amended Complaint were not totally devoid of facts.  Those pleadings identified the date range of the alleged conduct, the alleged perpetrator of the conduct, the location of the alleged conduct, and other facts.  See generally Docs. 1, 4.

3

service but continued to argue for dismissal due to insufficient process under Rule 12(b)(4). Id. Mr. Baker also reasserted his failure-to-state-a-claim argument on the basis that the original Complaint and Amended Complaint did not allege sufficient facts. Id. at 3.

Two weeks later, on August 28, 2018, Plaintiff filed a "Second Supplemental Response" to the original Motion to Dismiss, which included an Affidavit of Service on JKS&K showing that service was perfected on that entity on August 17, 2018. Doc. 14. Additionally, on August 28, 2018, Plaintiff filed a "response" to Baker's "renewed" motion to dismiss, which was largely a cut-and-paste of her June 28, 2018 response, again asking for permission to file a proposed Second Amended Complaint. Doc. 15. In that August 28, 2018 filing, Plaintiff's counsel explained she had served both Baker and JKS&K but conceded that a summons was not served on either party "due to oversight." Id. Counsel provided no other explanation. Plaintiff's counsel stated that she was working on serving JKS&K and Mr. Baker with a summons. Id. Plaintiff subsequently filed proof that summonses were served on JKS&K and Mr. Baker on September 7, 2018, and September 22, 2018, respectively. Docs. 19, 20.

On September 27, 2018, JKS&K also "renewed" its original Motion to Dismiss. Doc. 21. In this "renewed" Motion, JKS&K no longer argued that it was not served with process or that the service of process was insufficient, but instead stated that it was not served with process within 90 days from the date the complaint was filed. Id. at 4 (noting Plaintiff "failed to serve JKS&K with a summons and sufficient process until September 7, 2018"). Additionally, JKS&K continued to argue that the original Complaint and Amended Complaint did not contain sufficient facts to state a claim for relief. Id.

On October 12, 2018, Baker "renewed" his Motion to Dismiss yet again, reasserting the failure-to-state-a-claim argument and arguing that he was not properly served with process

4

within 90 days from the date the complaint was filed. Doc. 23 at 1–2. Baker also argued that he is no longer a party to the suit because Plaintiff dropped him from the suit by crossing out his name in her Amended Complaint. Id. at 2.

Finally, on December 12, 2018, JKS&K and Mr. Baker jointly moved to stay discovery pending resolution of their original motion to dismiss and the "renewed" motions to dismiss. Doc. 25.

## DISCUSSION

### I. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*

Plaintiff filed a Motion to Proceed *in Forma Pauperis* under 28 U.S.C. § 1915(a) along with her initial Complaint. Doc. 2. After reviewing Plaintiff's application, the Court finds that the Plaintiff meets the requirements set forth in 28 U.S.C. § 1915. Accordingly, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

### II. Plaintiff's Motions to Amend

Plaintiff asks for permission to file her proposed Second Amended Complaint, and she attached an unexecuted copy of that proposed filing to her Motion. Docs. 9, 9-1. In order to resolve Plaintiff's request, the Court must first address the status of Plaintiff's pleadings and the named Defendants in the case.

Plaintiff, proceeding pro se, filed her initial Complaint against Marshall Baker and McDonald's on May 9, 2018. Doc. 1. Five days later, on May 14, 2018, Plaintiff filed an Amended Complaint—as she was entitled to do as a matter of course under Federal Rule of Civil Procedure 15(a)—and drew an "X" over Defendant Marshall Baker's name and added JKS&K as a Defendant. Doc. 4 at 2. Plaintiff, in crossing out Mr. Baker's name on her Amended Complaint, voluntarily dismissed her claims against Baker. See Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc., 750 F. Supp. 487, 493 (M.D. Fla. 1990) (finding an amendment as a

5

matter of course which adds or drops parties does not require leave of court (citing McLellan v. Miss. Power & Light Co., 526 F.2d 870, 872–73 (5th Cir. 1976))).  Under Federal Rule of Civil Procedure 41(a), this "dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1)(B).  As a result, Mr. Baker was dismissed from this action without prejudice on May 14, 2018.  Doc. 4.

Because Plaintiff has amended her Complaint once as a matter of course, she may only do so again with consent of the opposing parties or with leave of court.  Fed. R. Civ. P. 15(a).  Courts should freely grant leave to amend "when justice so requires."  Id.; Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."); Halliburton & Assocs., Inc. v. Henderson, Few & Co., 774 F.2d 441, 443 (11th Cir. 1985) ("The rule contemplates that leave shall be granted unless there is a substantial reason to deny it."); Duncan v. Marion Cty. Sheriff's Dep't, No. 5:03-CV-416, 2005 WL 8159841, at *2 (M.D. Fla. May 26, 2005).

I find granting Plaintiff leave to amend is appropriate in light of the facts and circumstances of this case.  Here, the parties are still in the earliest stages of litigation.  JKS&K and Mr. Baker have not filed an answer, and discovery has not started.  Moreover, Plaintiff's motion is timely.  She requested leave to amend only 50 days after filing her initial Complaint, before any discovery occurred and before any party was served.  While Plaintiff did amend her Complaint once before, she did so only five days after her initial filing and while proceeding pro se.  More importantly, she did so as a matter of course without need for leave of court.  This is not a situation where the party failed to fix deficiencies after a court-provided opportunity to cure.  Plaintiff's second amendment simply attempts to correct some mistakes Plaintiff made while unrepresented by counsel.  To be clear, Plaintiff's proposed Second Amended Complaint re-adds Mr. Baker as a Defendant and includes facts that JKS&K and Mr. Baker complained

6

were missing from Plaintiff's initial Complaint and Amended Complaint.  See Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) ("[A] party must be given at least one opportunity to amend before the district court dismisses the complaint.").  The Court, therefore, **GRANTS** Plaintiff's request to amend her Complaint, docs. 9, 14, and **ORDERS** Plaintiff to file an executed copy of her Second Amended Complaint in the form proposed in Document 9-1 on this Court's electronic docket **within seven days** of this Order.

Additionally, because the Court granted Plaintiff's request to proceed *in forma pauperis*, the Court further **DIRECTS** that a copy of Plaintiff's executed Second Amended Complaint and a copy of this Order shall be served upon JKS&K and Mr. Baker by the United States Marshal without prepayment of cost within 30 days from the date Plaintiff files her executed Second Amended Complaint.  In most cases, the Marshal will first mail a copy of the complaint to a defendant by first-class mail and request that each defendant waive formal service of the summons.  Fed. R. Civ. P. 4(d).  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the Marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).  If any Defendant elects to file a Waiver of Reply, then that Defendant must file either a dispositive motion or an answer to the complaint within 60 days of the filing of said Waiver of Reply.  Id.

### III.    JKS&K's and Mr. Baker's Motion to Dismiss

The first Motion to Dismiss identified Mr. Baker as a "named-Defendant" in this case. Doc. 5.  Mr. Baker then "renewed" his Motion to Dismiss two additional times.  Docs. 12, 23.

Among other arguments, Mr. Baker asserts that he is "no longer a named Defendant in this action" because he was dropped from the case in Plaintiff's May 14, 2018 Amended Complaint. Docs. 5, 12, 23. Mr. Baker is correct: he is not, at this time, a party to this suit, and he has not been since May 14, 2018. All of Mr. Baker's filings in this action occurred after he was dropped from the suit. Because Mr. Baker was not a Defendant when he filed his Motions to Dismiss, his various Motions to Dismiss have no legal effect. Therefore, at this time, there is no need to address Mr. Baker's other arguments for dismissal, which include failure to state a claim and untimely or insufficient process. I **RECOMMEND** that the Court **DENY as moot** Mr. Baker's Motions to Dismiss, docs. 5, 12, 23, because they are legal nullities.[4]

JKS&K moves to dismiss Plaintiff's Complaint and Amended Complaint for failure to state a claim and for failure to serve timely, sufficient process. Docs. 5, 21. Given that I have granted Plaintiff leave to amend and directed her to file her Second Amended Complaint, and Plaintiff's Second Amended Complaint, when properly filed, will supersede Plaintiff's previous complaints, JSK&K's failure-to-state-a-claim argument is moot. To the extent JKS&K's motion is based on that argument, I **RECOMMEND** that the Court **DENY** the motion.

JKS&K additionally argues the Court should dismiss Plaintiff's claims because Plaintiff did not serve JKS&K with "a summons and sufficient process" within 90 days from the date the initial Complaint and Amended Complaint were filed, as required under Federal Rule of Civil Procedure 4(m).[5] Doc. 21 at 4. Rule 4(m) requires plaintiffs serve defendants with a copy of the

---

[4] Mr. Baker's continued efforts to participate in the case are understandable. Plaintiff's pro se Complaint and Amended Complaint are ambiguous as to which parties were included in the suit. And, once represented, Plaintiff continued to attempt to perfect service on Mr. Baker, and she unquestionably names Mr. Baker as a Defendant in her Second Amended Complaint. Despite those facts, Mr. Baker is not a party and has not been for some time.

[5] JKS&K has now been served with process, including a summons, and therefore, it abandons any challenge based on the lack of service or the insufficiency of the service of process. JKS&K only seeks

8

"summons and complaint" within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(c), (m). If service is not perfected within 90 days, courts may either dismiss the claims against the unserved defendant or order the plaintiff to perfect service "within a specified time." Id. Courts *must* extend the time for service for an appropriate period upon a showing of good cause but may choose to extend the deadline even in the absence of a showing of good cause. Id.; Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); Abele v. Hernando Cty., 161 F. App'x 809, 812 (11th Cir. 2005); Horenkamp v. Van Winkle And Co., 402 F.3d 1129, 1132 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause.").

On August 17, 2018 (95 days after the Amended Complaint was filed), JKS&K was served with Plaintiff's Complaint and Amended Complaint but was not served with a summons. Doc. 13. JKS&K was not served with a summons approximately 20 days later on September 7, 2018 (116 days after the Amended Complaint was filed). Doc. 19. Plaintiff has not shown good cause for her failure to serve JKS&K within 90 days from the date she filed her Complaint. By the time Plaintiff's counsel appeared in the case, JKS&K had already raised the lack of service, albeit prematurely at the time. Doc. 5. Thus, Plaintiff's counsel was on notice that service had not been made. Despite that notice, Plaintiff did not serve JKS&K until nearly two months later on August 17, 2018, and then did so without any summons. Doc. 13. JKS&K highlighted the absence of the summons immediately, but Plaintiff took another three weeks to serve the summons on JKS&K. Doc. 19. Plaintiff offers no explanation for the delay in serving JKS&K and no explanation for failing to serve a summons initially, other than "oversight." Thus, Plaintiff has not demonstrated good cause.

---

dismissal on the grounds that service was not completed within 90 days from the date the Complaint was filed. Doc. 21 at 11.

9

However, even where the movant fails to demonstrate good cause, the Court may still exercise discretion in extending the time for service, and, indeed, the Court is required to determine whether it should exercise that discretion. See e.g., Hong-Diep Vu v. Phong Ho, No. 17-11303, 2018 WL 6177139, at *2 (11th Cir. Nov. 26, 2018) (remanding due to trial court's failure to consider whether exercise of discretion was appropriate (citing Horenkamp, 402 F.3d at 1132)). In this case, I find that the circumstances warrant extending the time for service so as to render Plaintiff's service on JKS&K timely. Although it took Plaintiff 116 days to effectuate service on JKS&K, Plaintiff's actions during that period demonstrate continued efforts to satisfy the requirements of the Rule. During that time, Plaintiff obtained counsel, sought to amend her Complaint, responded to multiple motions to dismiss, obtained a summons, attempted to effectuate service once, and then cured the defect in her initial attempt. Additionally, JKS&K has not shown or alleged that an extension of time for service would cause any prejudice. JKS&K has not been hindered from participating in the suit in any way, no answer has been filed, and no discovery been performed. The case is still in its infancy, and a short 26-day extension to the time for service does not jeopardize any party.

By extending the time for service, JKS&K's motion is rendered moot. For the reasons stated above, I **RECOMMEND** the Court **DENY as moot** JKS&K's Motion to Dismiss and renewed Motions.

**IV.    JKS&K and Mr. Baker' Motion to Stay Discovery**

JKS&K and Mr. Baker ask the Court to stay discovery pending resolution of the Motion to Dismiss and renewed Motions to Dismiss. Doc. 25 at 1. Because the Court grants Plaintiff leave to file her Second Amended Complaint and recommends the Motion to Dismiss be denied,

Defendants' Motion to Stay Discovery is moot. Accordingly, the Court **DENIES as moot** JKS&K and Mr. Baker's Motion to Stay Discovery.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's request for leave to file her proposed Second Amended Complaint, docs. 9, 14, and **ORDERS** Plaintiff to file a copy of her Second Amended Complaint, doc. 9-1, on this Court's electronic docket within **seven days** of this Order. Additionally, the Court **DENIES as moot** Defendants' Motion to Stay Discovery, doc. 25, **GRANTS** Plaintiff leave to proceed *in forma pauperis*, doc. 2, and **DIRECTS** the United States Marshal to perfect service on Mr. Baker and Defendant JKS&K, Inc. d/b/a McDonald's ("JKS&K"), in accordance with the above guidelines. Additionally, I **RECOMMEND** that the Court **DENY as moot** the Motion to Dismiss, doc. 5, as well as the "renewed" Motions to Dismiss, docs. 12, 21, 23.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of January, 2019.

*[signature]*

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA